# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN ALAN MAGRITZ,
            Petitioner,

v.                                                                               Case No. 18-C-0455

JON E. LITSCHER,
            Respondent.

## ORDER

Steven Alan Magritz has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Magritz was found guilty following a jury trial in Ozaukee County, Wisconsin of criminal slander of title and sentenced to 18 months of initial confinement and 3 years of extended supervision. He challenges his conviction and sentence on numerous constitutional grounds.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court.

Although the petition seems to contain claims that either have not been exhausted in state court or have been procedurally defaulted, dismissal on these grounds before the respondent has filed a response to the petition would be

inappropriate. Both exhaustion and procedural default are affirmative defenses that the state can waive, and also these defenses are subject to various exceptions. *See, e.g.*, *Blackmon v. Williams*, 823 F.3d 1088, 1100 (7th Cir. 2016); *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012). Until the respondent appears and asserts those defenses, and the petitioner is given an opportunity to show that an exception applies, I cannot determine whether dismissal on those grounds would be appropriate. Accordingly, respondent will be ordered to file a response to the petition.

**THEREFORE, IT IS ORDERED** that within 60 days of the date of this order respondent either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to this court's Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2018.

          s/Lynn Adelman
          LYNN ADELMAN
          District Judge