# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN ALAN MAGRITZ,**
    **Petitioner,**

 v.              Case No. 18-C-0455

**JON E. LITSCHER,**
    **Respondent.**

## DECISION AND ORDER

Steven Alan Magritz filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before me now is the respondent's motion to dismiss the petition as untimely and for procedural default.

## I. BACKGROUND

Magritz's conviction arises out of a dispute between him and Ozaukee County. In 2001, the County foreclosed on his real property. *See* Petition at p. 6. Magritz believes that the foreclosure was unlawful and has been harassing the County about it ever since. In November 2011, Magritz recorded a document pertaining to the property, entitled "Confirmation Deed," with the County's register of deeds. *Id.* at p. 7. Magritz claims that, in recording the document, he was petitioning the government for the redress of his grievances. *Id.* at 6–7. The State of Wisconsin saw things differently. It deemed the confirmation deed false and charged Magritz with criminal slander of title. *See* Wis. Stat. § 943.60(1).

Magritz represented himself in the criminal case, with the assistance of stand-by counsel. However, during a pretrial conference, Magritz objected to stand-by counsel

and demanded that the court allow his wife to serve as his counsel. *See* ECF No. 1-4 at pp. 49–62. He stated:

> For the record, every word that I speak here today is made under taint and penalty of perjury. I am not the fiduciary trustee representative [n]or am [I] acting in anyway whatsoever for any artificial officiant . . . including but not limited to the defendant. I am not the artificial person or entity, the defendant. I'm a man of God, I'm a man created in the image of God, endowed by my creator undeniable rights, including the right to life, liberty, and property.
>
> I do not consent to these proceedings, but I exercise my right to protect my natural person and my liberty. My life and liberty. I have a right to my choice of assistance of counsel. No one may deny me my right to assistance of counsel. And my choice for assistance of counsel is my wife, Chieko.

*Id.* at pp. 50–51. Upon further questioning, the trial judge determined that Magritz's wife was not a licensed attorney and therefore could not serve as his counsel. *Id.* at 52–56. The judge encouraged Magritz to retain an attorney to represent him or, if he could not afford one, make a request with the public defender's office to see if he qualified for appointed counsel. *Id.* at 14.

Magritz represented himself at trial, and the jury found him guilty. The court sentenced him to 18 months' initial confinement and three years' extended supervision.

Magritz did not pursue a direct appeal. Instead, he began filing *pro se* petitions for habeas corpus with the Wisconsin Court of Appeals and the Wisconsin Supreme Court. Included in at least some of these petitions was Magritz's allegation that the Ozaukee County judge who presided over his criminal case, Sandy Williams, was biased against him.

While Magritz's petitions were pending in the Wisconsin courts, he filed a federal petition for a writ of habeas corpus in this court. *See Steven Alan Magritz v. Quala Champagne*, E.D. Wis. Case No. 16-C-1694. After the respondent filed a motion to

dismiss the petition for failure to exhaust state-court remedies, Magritz filed a notice of voluntary dismissal.

The Wisconsin Court of Appeals eventually rejected Magritz's habeas petitions on procedural grounds. On June 6, 2017, the court issued an opinion denying one of his petitions because it was over the page limit and because Magritz had failed to pursue his alternative remedies, namely, his direct appeal. The court also noted that Magritz might still be able to seek relief under Wis. Stat. § 974.06, which allows criminal defendants to collaterally attack their convictions under certain circumstances.

On November 7, 2017, the Wisconsin Court of Appeals issued a decision denying another one of Magritz's habeas petitions. This time, the court found that the petition was not over the page limit, but it again rejected the petition because Magritz had failed to pursue his alternative remedies. The court reiterated that habeas corpus is not a substitute for a direct appeal or a motion under Wis. Stat. § 974.06.

After unsuccessfully asking the court of appeals to reconsider its denials of his habeas petitions, Magritz sought relief from the Wisconsin Supreme Court. Magritz filed a document with that court entitled "Writ of Error, generally, and Order for Remedy." ECF No. 1-1 at p. 5. The supreme court construed this "writ" as a petition to review the court of appeals' order of November 7, 2017. The court then denied the petition as untimely.

Magritz commenced his current federal habeas case on March 22, 2018. His petition alleges 20 different grounds for relief. The respondent now moves to dismiss the petition because it was filed outside the one-year limitations period, *see* 28 U.S.C. § 2244(d), and because Magritz procedurally defaulted his claims.

## II. DISCUSSION

### A. Jurisdiction to Consider Second Habeas Petition

Initially, I address whether Magritz's current federal petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b). Although the respondent does not contend that it is, I must address this issue because it relates to subject-matter jurisdiction. *See, e.g., Summers v. Earth Island Institute*, 555 U.S. 488, 499 (2009) (court has an independent obligation to assure that subject-matter jurisdiction exists); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (noting that second-or-successive doctrine affects district court's subject-matter jurisdiction).

Magritz's original petition was filed while he was in the process of exhausting his state-court remedies. After the respondent moved to dismiss that petition for lack of exhaustion, Magritz filed a notice of voluntary dismissal. Thus, the first petition was never addressed on the merits.

Under some circumstances, a petition that has been voluntarily dismissed will count as the first petition for purposes of the second-or-successive rule. *See, e.g., Felder v. McVicar*, 113 F.3d 696, 697 (7th Cir. 1997). But here it does not. That is so because Magritz filed the petition before he exhausted his state-court remedies. Had he not voluntarily dismissed the petition, it would have been dismissed for lack of exhaustion. A petition that has been dismissed for lack of exhaustion will not count as a first petition because, after dismissal, the petitioner may exhaust his state-court remedies and return to federal court. *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). That is what happened here, and therefore Magritz's current petition is not second or successive.

4

**B. Procedural Default**

I next address the respondent's argument that Magritz procedurally defaulted his claims. Procedural default is one application of the "adequate and independent state ground" doctrine. *See, e.g., Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). Under this doctrine, when a state court resolves a federal claim by relying on a state-law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review is foreclosed. *Id.* at 504–05. The violation of a state procedural rule can be an independent and adequate state-law ground. *Id.* at 505.

In the present case, the Wisconsin Court of Appeals rejected Magritz's habeas petitions based on a state procedural rule: the rule that a criminal defendant cannot seek habeas relief with respect to claims that he could have raised on direct appeal or in a motion under Wis. Stat. § 974.06. There is no doubt that the Wisconsin Court of Appeals actually relied on this state-law procedural ground in denying Magritz's habeas petitions, and that therefore the "independence" prong of the independent-and-adequate-state-law-ground doctrine is satisfied. *See Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010) ("A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case.").

Moreover, there is no doubt that this rule was "adequate" to support the judgment. A state law ground is adequate when it is firmly established and regularly followed at the time it is applied. *Kaczmarek*, 627 F.3d at 592. Under Wisconsin law, it has long been well-established that habeas relief is unavailable to a person in custody when that person failed to pursue other adequate remedies, including the person's right to take a direct appeal. *See State ex rel. Haas v. McReynolds*, 252 Wis. 2d 133, 140–44

5

(2002). Here, Magritz decided to forego his direct-appeal rights, and therefore the Wisconsin Court of Appeals' rejection of his federal claims involved a principled application of well-established Wisconsin law.

Magritz, however, contends that the Wisconsin Court of Appeals erred in finding that he had adequate alternative remedies available to him. Here, he focuses on the court's statement that he might still be able to raise his claims in a postconviction motion under Wis. Stat. § 974.06. Magritz contends that such a motion would have been an inadequate remedy because, under that statute, the motion had to be filed in the sentencing court, *see* Wis. Stat. § 974.06(1), yet one of his claims was that the sentencing judge was biased against him.

I will assume for the moment that Magritz is correct that his claim of judicial bias rendered a motion under Wis. Stat. § 974.06 an inadequate remedy. Even if that were so, it would not mean that Magritz had *no* adequate alternative to a petition for a writ of habeas corpus. And clearly he had another adequate remedy: his direct appeal. *See Haas*, 252 Wis. 2d at 142. Indeed, it was his failure to take a direct appeal—which the court of appeals described as his "chief alternative remedy"—that led to the denial of his habeas petitions. *See* ECF No. 1–2 at p. 21.

Moreover, it is clear that Magritz's claim of judicial bias did not render a motion under Wis. Stat. § 974.06 inadequate. It is true that this statute required Magritz to file his motion in the sentencing court and that the motion likely would have been assigned to the allegedly biased judge. But this would not have made the motion an inadequate remedy. Judges routinely decide their own recusal motions and address claims that they are biased. Indeed, under the Wisconsin Statutes, a judge is required to decide a

6

request that he or she be disqualified because of a conflict of interest or a claim of bias, either actual or perceived. *See* Wis. Stat. § 757.19(5); *State v. Pinno*, 356 Wis.2d 106, 157 (2014). Perhaps in this case the allegedly biased judge would have improperly remained on the case or denied the § 974.06 motion. But if that occurred, Magritz could have appealed the failure to recuse and the denial of the motion, and the court of appeals could have either granted the relief requested in the motion or remanded the case for reassignment to a different judge. For these reasons, a motion under § 974.06 would not have been an inadequate remedy.

In short, the Wisconsin Court of Appeals did not apply, in an unprincipled or irregular manner, the state-law rule that habeas relief is unavailable to a petitioner who failed to pursue his alternative adequate remedies. Thus, that rule was adequate to support the judgment, and Magritz has procedurally defaulted his claims.

A federal court cannot entertain a procedurally defaulted claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice. *Kaczmarek*, 627 F.3d at 591. "Cause" is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. *Johnson*, 786 F.3d at 505. "Prejudice" means an error which so infected the entire trial that the resulting conviction violates due process. *Id.* The miscarriage-of-justice exception is available to petitioners who can establish that they are actually innocent of the crime. *See Schlup v. Delo*, 513 U.S. 298, 323 (1995). To qualify for this exception, the petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* at 327.

Here, Magritz attempts to show cause and prejudice and that he qualifies for the miscarriage-of-justice exception. First, he claims that he can show two forms of "cause." Initially, he contends that his claim of judicial bias qualifies as cause. But it does not. That claim was one of the very constitutional claims that Magritz defaulted. It was not something external to the petitioner that resulted in his failure to comply with the state's procedural rules.

Next, Magritz contends that the trial court denied him his Sixth Amendment right to counsel, and that this constitutes cause for his default. But the record belies Magritz's claim that the trial court denied him his right to counsel. The record shows that the court encouraged Magritz to either retain counsel of his choice or, if he could not afford counsel, seek assistance from the public defender. ECF No. 1-4 at p. 61. What Magritz characterizes as the court's denying him the assistance of counsel is the court's refusing to let Magritz's wife, who was not a licensed attorney, serve as his counsel. *Id.* at 51–55. But the Sixth Amendment does not grant a person a right to unlicensed counsel. *See, e.g., Wheat v. United States*, 486 U.S. 143, 159 (1988); *United States v. Bender*, 539 F.3d 449, 455 (7th Cir. 2008). Accordingly, there is no merit to Magritz's claim that the trial court denied him counsel. In any event, Magritz's default occurred when he failed to take a direct appeal, and nothing in the record suggests that the trial court impeded Magritz's ability to retain, or to seek the appointment of, postconviction or appellate counsel. Thus, even if Magritz could establish that the trial court denied him his right to counsel at trial, Magritz could not use that denial to establish cause for his failure to take a direct appeal.

Magritz also argues that he qualifies for the miscarriage-of-justice exception. However, he does not point to any evidence—new or otherwise—that might cause a juror to reasonably doubt that he committed criminal slander of title. Instead, he argues that, in recording the "Confirmation Deed" on his former real property, he was engaging in activity protected by the First Amendment and therefore should not have been criminally punished for it. *See* ECF No. 8 at pp. 14–15. But this is a legal question that Magritz actually raised in the trial court and could have raised on direct appeal. It does not relate to "new" evidence that might show that he was actually innocent of the crime. Accordingly, Magritz has not shown that enforcing his default would result in a fundamental miscarriage of justice.

## C.  Statute of Limitations

Because the petition must be dismissed for procedural default, I do not consider the respondent's alternative argument that the petition is untimely under 28 U.S.C. § 2244(d).

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the respondent's motion to dismiss the petition is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the petitioner's motion for summary judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2018.

                                            s/Lynn Adelman_____
                                            LYNN ADELMAN
                                            District Judge